

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-1997

# Norman v. United States

Precedential or Non-Precedential:

Docket 96-1645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Norman v. United States" (1997). *1997 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

KENDALL NORMAN,

Appellant,

v.

UNITED STATES OF AMERICA,

Third-Party Plaintiff,

v.

ELWYN INDUSTRIES, and/or ELWYN, INC.,

Third-Party Defendant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 95-cv-04111)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 1997

Before: SLOVITER, Chief Judge, STAPLETON and ALDISERT,
Circuit Judges.

(Opinion Filed: April 11, 1997)

_____

John F. McElvenny
42 South 15th Street
Suite 1150
Robinson Building
Philadelphia, PA 19102

Michael LaRosa
LaRosa & DeLuca P.C.
7300 City Line Avenue, Ste. 300
Philadelphia, PA 19151

ATTORNEYS FOR APPELLANT

Michael R. Stiles
United States Attorney

James G. Sheehan
Assistant United States Attorney
Chief, Civil Division

Lois W. Davis
Keir N. Dougall
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street, Ste. 1250
Philadelphia, PA 19106

ATTORNEYS FOR APPELLEE
United States of America


Domenick C. DiCicco, Jr.
Simasek, Ruzzi & McKee
1818 Market Street, Ste. 3400
Philadelphia, PA 19103

ATTORNEY FOR APPELLEE
Elwyn Ind. and/or Elwyn, Inc.

_____


OPINION OF THE COURT

_____


ALDISERT, Circuit Judge.

The question for decision in this appeal from dismissal of the claim for want of subject matter jurisdiction brought in an action brought under the Federal Tort Claims Act is whether the activity complained of comes within a recognized exception to the Act. The Plaintiff claimed that he slipped and fell in the Ceremonial Court Corridor of the William J. Green Federal Building and the Byrne Courthouse Building in Philadelphia because a film of water and ice was on the floor at the entrance to the building.

The Federal Tort Claims Act vests exclusive jurisdiction in district courts for claims against the United States "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred." 28 U.S.C. § 1346(b). Title 28 U.S.C. § 2671 explains that "Federal agency" and "Employee of the government" do not include any contractor with the United States. Thus, there is an independent-contractor exemption in the Federal Tort Claims Act. The district judge determined that any negligence causing the injury was that of the independent contractor (who was brought into this case as a third-party defendant), not that of the United States. Therefore, the court concluded that Plaintiff's claim came within the independent-contractor statutory exception to the FTCA and, accordingly, dismissed the complaint for want of subject matter jurisdiction. We affirm the judgment of the district court.

The critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power "to control the detailed physical performance of the contractor." United States v. Orleans 425 U.S. 807, 814 (1976) (citing Logue v. United States, 412 U.S. 521, 528 (1973)). "[T]he question here is not whether the

3

[contractor] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." Id. at 815. The contractor here, Elwyn Industries, was given broad responsibilities for daily maintenance. The contract specifically requires Elwyn to maintain an on-site supervisor, and explicitly states that "Government direction or supervision of contractor's employees directly or indirectly, shall not be exercised." App. for Appellant at 74a.

Alternatively, appellant argues that even if Elwyn Industries was negligent, the United States remains liable under Pennsylvania law as the owner and possessor of the building. There is a split in the circuits on this question. *Compare* Dickerson, Inc. v. United States, 875 F.2d 1577 (11th Cir. 1989) (interpreting Florida law and holding the government liable), *with* Berkman v. United States, 957 F.2d 108 (4th Cir. 1992) (interpreting Virginia law and holding that independent-contractor exception precluded governmental liability even though similar property owners might be liable under state law for injuries resulting from unsafe conditions). We believe the Fourth Circuit offers the better reasoned analysis and we accept it as our own. The Berkman court stated:

Thus, while Berkman is correct in his assertion that, under Virginia law, the United States when acting as a landowner must maintain its property in a reasonably safe condition, Berkman must also show that federal law permits the application of this law to the United States. This he fails to do. The fundamental error in

4

Berkman's reasoning flows from the fact that the government of the United States can act only through people. Furthermore, it is well understood that the government's activities are not performed exclusively by the government's employees and that independent contractors and subcontractors conduct a broad array of functions on the government's behalf. Thus, the FTCA divides the universe of persons through which the United States may act into two general classes, "employee[s] of the government" and "contractor[s]." See U.S.C. §§ 1346(b), 2671.

          \*      \*      \*

[W]e find nothing in the language of the act or in the legislative history of the FTCA to indicate that Congress considered the existence of a generalized liability, attributable to the United States based on any breach of a state defined duty. By expressly waiving immunity for the tortious conduct of its employees and only its employees, the FTCA requires a more focussed approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law.

Berkman, 957 F.2d at 112-113. See Gibson v. United States, 567 F.2d 1237 (3d Cir. 1977).

We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary.

The judgment of the district court will be affirmed.

5